UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JEFF TITUS,

        Petitioner,

v.

NOAH NAGY,

        Respondent.
_____/

CASE NO. 2:18-cv-11315

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING PETITIONER'S MOTION FOR ORAL ARGUMENT

Petitioner Jeff Titus filed a petition for the writ of habeas corpus through attorneys at the Michigan Innocence Clinic. The habeas petition challenges Petitioner's convictions for two counts of first-degree murder, Mich. Comp. Laws § 750.316. Currently pending before the Court is Petitioner's motion for oral argument on his claim that the prosecution failed to disclose evidence favorable to the defense. For the reasons given below, the Court will deny the motion.

### I. Background

Petitioner's convictions arose from the fatal shooting of two hunters at a state game area in 1990. The case remained unsolved for years, but over a decade after the crime, a cold-case team, which included Detective Richard Mattison, re-opened the case. Petitioner was then charged with two counts of first-degree murder and two counts of possessing a firearm during the commission of a felony.

On July 19, 2002, a Kalamazoo County Circuit Court jury found Petitioner guilty as charged. The trial court sentenced Petitioner to two years in prison for the felony firearm convictions and to a consecutive sentence of life imprisonment without the possibility of parole for the murder convictions.

On appeal from his convictions, Petitioner argued that: (1) the trial court erroneously denied his motion for a directed verdict of acquittal on the murder charges because the prosecution presented insufficient evidence of premeditation; and (2) the trial court erred by denying his motion to preclude the prosecution from presenting "other acts" evidence. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* decision. *See People v. Titus*, No. 243642, 2004 WL 316427 (Mich. Ct. App. Feb. 19, 2004). On November 22, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Titus*, 471 Mich. 920 (2004).

In 2006, Petitioner filed a habeas corpus petition in which he raised his sufficiency-of-the-evidence claim and a claim that trial counsel was ineffective for failing to introduce evidence of another man's admitted involvement in a similar murder. The Court denied the petition on the merits, but granted a certificate of appealability on Petitioner's first claim regarding the sufficiency of the evidence.

See *Titus v. Jackson*, No. 2:06-cv-10770 (E.D. Mich. June 24, 2009). The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision. *See Titus v. Jackson*, 452 F. App'x 647 (6th Cir. 2011).

In 2014, Petitioner allegedly discovered Detective Mattison's conclusion that two shooters were responsible for the murders. Petitioner then filed a motion for relief from judgment in the state trial court. He argued that trial counsel was ineffective for failing to call certain witnesses and establish a time line of events for the day of the shooting. Petitioner also argued that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness and that the prosecution violated his right to due process by failing to disclose Detective Mattison's theory of the case.

The trial court held an evidentiary hearing and then denied Petitioner's motion. The court determined that Petitioner's trial and appellate attorneys were not ineffective and that any prejudice resulting from the non-disclosure of evidence was not sufficient to question the jury's verdict. *See* Op. and Order, *People v. Titus*, No. 2002-0166 (Kalamazoo Cty. Cir. Ct. Apr. 24, 2015). The Michigan Court of Appeals granted leave to appeal, but ultimately denied relief. *See People v. Titus*, No. 329770 (Mich. Ct. App. May 4, 2017). On September 12, 2017, the

Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues presented to it. *See People v. Titus*, 501 Mich. 865 (2017).

In 2018, Petitioner sought permission from the United States Court of Appeals to file a second or successive habeas corpus petition. The Sixth Circuit Court of Appeals granted Petitioner's request, but only on his claim regarding Detective Mattison's two-shooter theory. *See In re Titus*, No. 18-1142 (6th Cir. Apr. 25, 2018).

On April 27, 2018, Petitioner filed his petition in this case. His sole argument is that the prosecution violated his constitutional right to due process, as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing Detective Mattison's conclusion that more than one person fired at the victims. Petitioner contends that Mattison's conclusion was inconsistent with the prosecution's theory that Petitioner was the lone shooter. Petitioner also maintains that he could have corroborated Detective Mattison's conclusion at trial through the testimony of a ballistics expert if the prosecution had disclosed Mattison's conclusion.

The State urges the Court to deny the habeas petition because: (1) there is not a reasonable probability that the result of the trial would have been different if the prosecution had disclosed Mattison's theory to the defense; and (2) the Supreme Court has never held that a police officer's theory about a crime

constitutes *Brady* material. Petitioner replies that Detective Mattison's two-shooter theory and corroborating expert ballistics testimony are *Brady* material and that the State mis-characterizes the nature and exculpatory value of the two-shooter theory.

## II. Discussion

Currently pending before the Court is Petitioner's motion for oral argument. Petitioner contends that oral argument on the merits of his claim would assist the Court in deciding the significant questions presented in his petition. He also contends that oral argument would be a more useful resource in this case than in most other cases due to the lengthy and complex state-court record. The State did not file an answer to Petitioner's motion, but it indicated in its answer to the petition that it opposes oral argument.

Although the Court ordinarily does not grant hearings on motions in a civil case where a party is in custody, Petitioner is represented by counsel, and judges in this district have discretion to order a hearing on motions. *See* E.D. Mich. L.R. 7.1(f)(1) ("The court will not hold a hearing on . . . a motion in a civil case where a person is in custody unless the judge orders a hearing."). A court may order oral argument to assist it in resolving a state prisoner's habeas claims. *See Haskell v. Berghuis*, 695 F. Supp.2d 574, 584 (E.D. Mich. 2010). But a district court's

decision not to hear oral argument is a proper exercise of discretion when the movant filed a brief "and makes no claim that his contentions were not fully set forth therein." *United States ex rel. Darrah v. Brierley*, 415 F.2d 9, 12 (3d Cir. 1969).

Petitioner clearly explained the procedural history of his case and his legal argument in his habeas petition. The State likewise clearly argued its position in its answer to the petition, and it submitted the state-court record for the Court's review. Because the parties' "briefs extensively cover the only issue properly before this Court, no oral argument is necessary." *United States ex rel. Garrett v. Anderson*, 391 F. Supp. 174, 176 (D. Del. 1975). The Court, therefore, denies Petitioner's motion for oral argument, Docket No. 9.[1]

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2019

---

[1] In future pleadings, Petitioner must comply with the Court's Local Rule regarding type size and font. *See* LR 5.1(a)(3) ("Except for standard preprinted forms that are in general use, type size of all text and footnotes must be no smaller than 10-1/2 character per inch (non-proportional) or 14 point (proportional).").