UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF TITUS,

        Petitioner,                    Case No. 2:18-cv-11315

v.

                                      Paul D. Borman
NOAH NAGY,                       United States District Judge

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO RECONSIDER DENIAL OF EMERGENCY BOND

On April 28, 2020, petitioner Jeff Titus filed a motion to reconsider denial of emergency bond and brief in support. (ECF No. 18.) The State filed a response in opposition to the motion. (ECF No. 21.)

Petitioner is serving a life sentence without the possibility of parole for two counts of first-degree murder. The convictions arose from the fatal shooting of two men at a state game area in 1990. As explained by the state court,

> [t]he victims were not hunting together, but were found near one another, both shot in the back, through their hunting licenses, from close range. The bodies were found in a section of the game area adjacent to defendant's property. There were no eyewitnesses to the incident; however, the prosecutor presented a parade of witnesses who testified with respect to incriminating statements made by defendant, incriminating acts, and other actions undertaken by defendant in regard to hunters on or near his property.

*People v. Titus*, No. 243642, 2004 WL 316427, at *1 (Mich. Ct. App. Feb. 19, 2004) (unpublished).

Petitioner commenced this case in 2018. (ECF No. 1.) On September 19, 2019, the parties stipulated that the Court should postpone its disposition of the habeas petition so that the Conviction Integrity Unit of the Office of the Michigan Attorney General could investigate Petitioner's case and determine whether there was clear and convincing evidence that Petitioner was wrongfully convicted. (ECF No. 11.) On September 30, 2019, the Court entered an order in which it postponed disposition of the habeas petition and closed the case for administrative purposes. (ECF No. 12.)

On April 8, 2020, Petitioner filed a motion for emergency bond, which focused on the coronavirus disease (COVID-19). (ECF No. 13.) The Court denied the motion. (ECF No. 17.) Petitioner now seeks reconsideration of that order.

In the Eastern District of Michigan, motions for reconsideration are governed by Local Rule 7.1(h). This rule requires the moving party to show "a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled," which, if corrected, "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

The Court recognizes that there is a COVID-19 pandemic, that Petitioner is sixty-eight years old, and that he recently recovered from a month-long respiratory infection. The Court also recognizes that Petitioner is confined at the Lakeland Correctional Facility where numerous prisoners have been diagnosed with COVID-19.

At the same time, the Court recognizes that the parties asked the Court to postpone disposition of the habeas petition in favor of seeking relief from the Michigan Attorney General's Conviction Integrity Unit. Given the facts established in the state-court case and the fatal shootings, the Court is not persuaded that it made a palpable error in denying Petitioner's motion for emergency bond. Accordingly, the motion to reconsider the denial of the motion for emergency bond is denied.

Dated: May 26, 202

s/Paul D. Borman
Paul D. Borman
United States District Judge